IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TROY TERRAIN THOMPSON,                    *

    Plaintiff,                        *

    v.                                *        Civil Action No. RDB-15-1240

WAKEFERN FOOD CORP., *et al.*,            *

    Defendants.                       *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Plaintiff Troy Terrain Thompson ("Plaintiff" or "Thompson") brings this *pro se*

action against Defendants Wakefern Food Corp. ("Wakefern"),[1] ShopRite of Howard

Park ("ShopRite"),[2] Josh Thompson ("Thompson"), Kenjie Gray ("Gray"), and

Marshall Klein ("Klein")[3] (collectively, "Defendants"),[4] alleging violations of the

Fourth Amendment of the United States Constitution, U.S. Const. amend. IV; Title

---

[1] This Court notes that it does not appear that Wakefern has been served with either the Complaint (ECF No. 1) or the Supplement to Complaint, construed as an Amended Complaint (ECF No. 4). By separate Order, this Court will require the Plaintiff to show cause why the Complaint against Wakefern should not be dismissed for failure to effect service of process, pursuant to Local Rule 103.8(a). *See* Local Rule 103.8(a) (D. Md. 2014). If the Plaintiff fails to show good cause within 14 days of the entry of that Order, the claim against Wakefern shall be dismissed without prejudice.

[2] "ShopRite of Howard Park" is properly named "ShopRite of Liberty Heights, LLC." *See* Mem. in Supp. of Defs.' Mot. to Dismiss, 1, ECF No. 10-1.

[3] Plaintiff does not list Defendants Thompson, Gray, or Klein in his Complaint or Amended Complaint. However, he does include their names in the summons caption, thus this Court will consider Plaintiff's claims to be directed at Wakefern, ShopRite, Thompson, Gray, and Klein.

[4] This Memorandum Opinion solely addresses Plaintiff's claims against Defendants ShopRite, Thompson, Gray, and Klein, as Defendant Wakefern has not been served in this case. Any mention of the collective "Defendants" when considering the pending Motion to Dismiss (ECF No. 10) thus refers only to ShopRite, Thompson, Gray, and Klein.

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* Although Plaintiff's precise claims are difficult to discern, he contends generally that he suffered discrimination while an employee of ShopRite.

Presently pending are Plaintiff's Motion to Proceed to Trial (ECF No. 8); Defendants ShopRite, Thompson, Gray, and Klein's Motion to Dismiss (ECF No. 10); Defendants ShopRite, Thompson, Gray, and Klein's Motion to Strike Plaintiff's Motion to Proceed to Trial (ECF No. 12); Defendants ShopRite, Thompson, Gray, and Klein's Motion to Strike Notice of Appeal (ECF No. 21); and Defendants ShopRite, Thompson, Gray, and Klein's Second Motion to Dismiss (ECF No. 23). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014).  For the reasons that follow, Plaintiff's Motion to Proceed to Trial (ECF No. 8) is DENIED;[5] Defendants ShopRite, Thompson, Gray, and Klein's Motion to Dismiss (ECF No. 10) is GRANTED.  Defendants ShopRite, Thompson, Gray, and Klein's Motion to Strike Plaintiff's Motion to Proceed to Trial (ECF No. 12) is MOOT;[6] Defendants ShopRite, Thompson, Gray, and Klein's Motion

---

[5] As this Court is dismissing Plaintiff's claims against Defendants ShopRite, Thompson, Gray, and Klein with prejudice, a trial will be unnecessary. Plaintiff's Motion to Proceed to Trial is thus DENIED.

[6] This Court denied Plaintiff's Motion to Proceed to Trial, thereby rendering Defendants ShopRite, Thompson, Gray, and Klein's Motion to Strike MOOT.

to Strike Notice of Appeal (ECF No. 21) is MOOT;[7] and Defendants ShopRite, Thompson, Gray, and Klein's Second Motion to Dismiss (ECF No. 23) is MOOT.[8] In sum, Plaintiff's disjointed and unclear pleadings fail to raise any claims of discrimination under either Title VII or the Americans with Disabilities Act.

## BACKGROUND

In a ruling on a motion to dismiss, this Court must accept the factual allegations in the plaintiff's complaint as true and construe those facts in the light most favorable to the plaintiffs. *See, e.g., Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Yet, a plaintiff's status as *pro se* does not absolve him of the duty to plead adequately. *See Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (citing *Anderson v. Univ. of Md. Sch. of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990)).

---

[7] On October 5, 2015, the Court of Appeals for the Fourth Circuit dismissed Plaintiff's Notice of Appeal for failure to prosecute pursuant to Local Rule 45 (4th Cir. 2015). Defendants ShopRite, Thompson, Gray, and Klein's Motion to Strike Notice of Appeal is therefore MOOT.

[8] Defendants ShopRite, Thompson, Gray, and Klein's Second Motion to Dismiss refers to a "Complaint for Employment Discrimination" allegedly signed by the Plaintiff and delivered to ShopRite on July 29, 2015. Plaintiff has not filed this "Complaint" with this Court. To the extent that the "Complaint" is an amended pleading, Plaintiff must file the document with this Court in accordance with Local Rule 6(c). Given Plaintiff's failure to file the "Complaint," this Court lacks jurisdiction over any claims contained therein. As such, Defendants ShopRite, Thompson, Gray, and Klein's Second Motion to Dismiss is MOOT.

This action arises from the alleged discrimination Plaintiff suffered as an employee of Defendant ShopRite. Thompson began his employment at ShopRite on August 5, 2014, working originally as a dairy associate, and then as a member of the night crew. *See* Resp. in Opp'n to Defs.' Mot. to Dismiss, 7, ECF No. 15. Although Thompson does not set forth a clear recitation of the facts in his Complaint or Amended Complaint, it appears that the alleged discrimination stems from a reduction in his assigned hours to one work shift per week. Amend. Compl. at 2. He claims that, when he inquired as to the grounds for the reduction, he was told that his performance was deficient and must improve. *Id.* His supervisors allegedly evaluated Thompson with insufficient time to learn the requirements of the position. *Id.* at 2-3.

In response to this alleged discrimination, Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") on January 6, 2015.[9] *See* Resp. in Opp'n, at 6-7 (Copy of EEOC Intake Form); *see also* Amend. Compl. at 6. He subsequently received a Right to Sue letter on February 4, 2015. Resp. in Opp'n at 7-8; Amend. Compl. at 6. Thompson claims that his reduced workload continued, and must have occurred in retaliation for filing a charge with the EEOC.

---

[9] Defendants ShopRite, Thompson, Gray, and Klein assert that Plaintiff's proof of his EEOC charge is deficient, as Plaintiff failed to attach the charge to his Complaint or Amended Complaint. In his Response in Opposition, however, Plaintiff included the EEOC Intake Questionnaire and his Right to Sue letter to satisfy this deficiency. Defendants urge this Court to disregard the Intake Questionnaire and Right to Sue letter as an improper attempt to add new facts to Plaintiff's Complaint and Amended Complaint. Yet, Plaintiff is *pro se* and his pleadings must be accorded a liberal construction. *Gordon*, 574 F.2d at 1151. As such, this Court will not penalize Thompson for attaching the Intake Questionnaire and Right to Sue letter to his responsive brief after referring to the documents in his pleadings.

He asserts that the reduction "cannot be justified as non-discriminatory." Amend. Compl. at 5.

Plaintiff also contends that he suffers from "ongoing medical conditions," including "psychotic disorder, schizophrenia, and bipolar disorder." *Id.* at 14. These conditions affect his "neurological, brain, concentrating, and thinking" capacities. *Id.* at 11. He does not claim that he notified ShopRite or any ShopRite employees of his medical conditions, nor that he sought an accommodation of any kind. Rather, he simply states that the "General Manager never considered the possibility that something could be inhibiting the employee's performance, and never considered the possibility that the supervisors [sic] opinion could be bias [sic]." *Id.* at 5.

While the alleged discrimination unfolded, Plaintiff claims that he noticed the presence of foreign devices on his home computer network. *Id.* at 7. He also states that certain unknown files appeared on the hard drive of his personal computer. Thompson did not open the files, instead using "reverse DNS lookup"[10] to allegedly uncover that "there were over 1700 attempts to access" his computer. *Id.* at 22. On this basis, he claims that he "can only come to the conclusion that [ShopRite] is responsible for the violation of the IV Amendment because if [Plaintiff's] activity was criminal the most logical belief would be to have [Plaintiff] arrested." *Id.*

---

[10] Plaintiff does not explain what "reverse DNS lookup" is, how it functions, or any other explanatory details.

Finally, it appears that Plaintiff's employment at ShopRite terminated on March 7, 2015.[11] *Id.* at 11. He filed the present action on April 29, 2015, and subsequently filed an Amended Complaint one month later. After Defendants ShopRite, Thompson, Gray, and Klein filed the pending Motion to Dismiss, Plaintiff noted an appeal to the United States Court of Appeals for the Fourth Circuit. This Court had yet to issue any ruling on Plaintiff's claims. As a result, the Fourth Circuit dismissed the appeal on October 5, 2015 for failure to prosecute.

STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2).  Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted.  The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters*

---

[11] Plaintiff does not state that he was terminated, but rather explains that he was "kicked off" his shift on March 7, 2015 after a fellow employee complained about his hygiene. *Id.* For purposes of the pending Motion to Dismiss, this Court will assume that Plaintiff's employment ended on March 7, 2015.

*v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).   In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678.   First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). In the context of *pro se* litigants, however, pleadings are "to be liberally construed," and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010). Second, even a *pro se* complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679; *see also O'Neil v. Ponzi*, 394 F. App'x. 795, 796 (2d Cir. 2010).

In the employment discrimination context, this pleading standard should not be "onerous." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 764 (4th Cir. 2003). The Supreme Court has indicated that an employment discrimination plaintiff need not plead particular facts conclusively satisfying each element of a prima facie case. *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002).[12] *Swierkiewicz*, however, did not abrogate

---

[12] Although the general 12(b)(6) standard used in *Swierkiewicz* was overruled by *Twombly*, *see Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009), the analysis cited here remains good law.   *Reed v. Airtran Airways*, 531 F. Supp. 2d 660, 666 (D. Md. 2008) ("The *Twombly* Court made clear that its holding did

the requirement that the plaintiff allege "facts *sufficient* to state *all* the elements of her claim." *Bass*, 324 F.3d at 765 (emphasis added); *see Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (explaining that *Swierkiewicz* does not nullify the heightened pleading requirements of *Twombly* and *Iqbal*); *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002) ("[T]he Supreme Court's holding in *Swierkiewicz v. Sorema* did not alter the basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim." (internal citation omitted)).

Even with the degree of flexibility arguably given to employment discrimination plaintiffs, the court must consider whether plaintiff's complaint has met the plausibility requirement of *Twombly* and *Iqbal. See Miller v. Carolinas Healthcare System*, 561 F. App'x 239, 241 (4th Cir. 2014) (explaining that, in the Fourth Circuit, "*Swierkiewicz* left untouched the burden of a plaintiff to allege facts sufficient to state all elements of her claim." (internal quotation marks and citation omitted)). In making this assessment, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679. "At bottom, a plaintiff must nudge [its] claims across the line from conceivable to plausible to resist dismissal." *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) (internal quotation marks omitted).

## ANALYSIS

---

not contradict the *Swierkiewicz* rule that 'a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a *prima facie* case of discrimination.'" (citations omitted)).

In moving to dismiss the subject Amended Complaint, Defendants ShopRite, Thompson, Gray, and Klein identify numerous alleged deficiencies necessitating dismissal. Each claim, and its accompanying alleged deficiencies, will be addressed in turn.

## A. Violation of the Fourth Amendment

Although absent from his initial Complaint, Plaintiff asserts in his Amended Complaint that Defendants ShopRite, Thompson, Gray, and Klein violated Plaintiff's Fourth Amendment right to be free from unreasonable searches.[13] This alleged violation stems from Plaintiff's belief that ShopRite spied on and attempted to access his personal computer. Apart from the alleged use of "DNS reverse lookup," Thompson provides no facts to substantiate his beliefs. Yet, the Fourth Amendment simply "does not provide protection against searches by private individuals acting in a private capacity." *United States v. Jarrett*, 338 F.3d 339, 344 (4th Cir. 2003) (citing *United States v. Jacobson*, 466 U.S. 109, 113 (1984)). Defendant ShopRite is a private grocery company and Defendants Thompson, Gray, and Klein are private actors. Plaintiff does not allege that Defendants acted in anything other than a private capacity. Plaintiff focuses on his theory of the purpose of the alleged unreasonable searches of his computer, but he provides no facts to resolve this threshold deficiency.

---

[13] Plaintiff mistakenly labels this claim a violation of the Seventh Amendment as well as the Fourth Amendment. The Seventh Amendment, which guarantees the right to a jury trial in certain civil cases, does not apply to claims for unreasonable searches and seizures. This Court will thus address Plaintiff's claim as arising solely under the Fourth Amendment.

Even if he could demonstrate a reasonable expectation of privacy, the Fourth Amendment does not apply to the alleged actions of ShopRite, Thompson, Gray, and Klein. Accordingly, Plaintiff's Fourth Amendment claim must be dismissed.

## B. Title VII and Americans with Disabilities Act

Plaintiff's precise claims under Title VII and the Americans with Disabilities Act ("ADA") are unclear, but he appears to argue that he suffered disparate treatment under Title VII, discrimination under the ADA, and retaliation under both Title VII and the ADA. This Court will address two preliminary matters regarding these claims before turning to the merits of each claim.

First, to the extent that Plaintiff asserts Title VII and ADA claims against Thompson, Gray, and Klein in their *individual* capacities, he is foreclosed from doing so. The United States Court of Appeals for the Fourth Circuit has clearly held that neither Title VII nor the ADA provides for *individual* liability. *Birkenbeck v. Marvel Lighting Corp.*, 30 F.3d 507 (4th Cir. 1994) (Title VII); *Stephens v. Kay Mgmt. Co., Inc.*, 907 F. Supp. 169 (E.D. Va. 1995) (ADA); *see also Lissau v. S. Food Serv. Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) ("An analysis of Title VII's language and its remedial scheme leads us to join the other circuit courts and conclude that supervisors are not liable in their individual capacities for Title VII violations."). Any Title VII or ADA claims against the individual Defendants are thereby dismissed.

Second, Defendants contend that this Court lacks jurisdiction over Plaintiff's Title VII and ADA claims, thereby requiring dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Specifically, Defendants argue that Plaintiff failed to exhaust the requisite administrative remedies before pursuing the subject action. Plaintiff claims to have filed a charge with the EEOC on January 6, 2015, and received his Right to Sue letter on February 4, 2015. Defendants do not argue that Plaintiff's action is untimely. Instead, Defendants' argument rests on Plaintiff's omission of his EEOC Right to Sue letter or EEOC charge from either the Complaint or the Amended Complaint. Although Plaintiff includes the relevant dates for the missing documents in his Complaint and Amended Complaint, Defendants assert that the actual documents are necessary to satisfy the exhaustion requirement.

Yet, as noted *supra*, Plaintiff does include the Right to Sue letter and his EEOC Intake Questionnaire in his Response in Opposition. While a plaintiff may not "*amend* his complaint by asserting new facts or exhibits in an opposition to a motion to dismiss," *Lindsey-Grobes v. United Airlines, Inc.*, Civ. A. No. GJH-14-00857, 2014 WL 5298030, at *5 (D. Md. Oct. 14, 2014) (emphasis added), Plaintiff is not attempting to amend his pleadings in this case. Rather, he simply provides the actual documents described in, but not attached to, his Complaint and Amended Complaint. Given Plaintiff's *pro se* status, he has made a sufficient showing that he exhausted the requisite

administrative remedies. This Court has subject matter jurisdiction, and thus will address the merits of his claims under Title VII and the ADA.

### a. Disparate Treatment—Title VII

Plaintiff simply states that ShopRite discriminated against him in violation of Title VII of the Civil Rights Act of 1964 by treating him differently than his fellow employees. This assertion suggests a claim of disparate treatment on the basis of Plaintiff's membership in a protected class. *See* 42 U.S.C. § 2000e-2(a)(1). Absent direct evidence of discrimination, a plaintiff must show "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010); *see also White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004). Plaintiff satisfies none of the requisite elements.

First, Plaintiff omits any allegation that he is a member of a protected class. In his Response in Opposition, he states—for the first time—that he is African-American.[14] Unlike the Plaintiff's inclusion of his EEOC documents in the Response in Opposition, he makes no assertion in the Complaint or Amended Complaint that he is a member of a protected class. He may not amend his Amended Complaint

---

[14] Plaintiff also attempts to add a claim of disparate treatment based on sex to his Response in Opposition. As he made no reference to any such claim in either his Complaint or his Amended Complaint, he may not now assert this new claim. If he wishes to add a new claim, he must do so in a separate complaint. *Calhoun-El v. Maynard*, Civ. A. No. RDB-10-765, 2011 WL 2160881, at *1 n.4 (D. Md. June 1, 2011); *see also Lindsey-Grobes*, 2014 WL 5298030, at *5.

through the Response in Opposition. *See Lindsey-Grobes*, 2014 WL 5298030, at *5. Second, Plaintiff does not allege that he performed his job satisfactorily. Indeed, he admits the opposite, as he states that his hours were reduced due to poor performance. Third, he does not assert that either adverse employment action—the reduction in work hours or getting "kicked off" a shift—is connected to his membership (or lack thereof) in a protected class. Finally, he identifies no similarly situated employees outside the protected class who enjoyed different treatment.

Plaintiff simply omits any allegations even resembling the elements of a disparate treatment claim under Title VII. This claim thus must be dismissed.

### b. Discrimination—Americans with Disabilities Act

Plaintiff's claim of discrimination under the ADA is similarly obscure. He appears to allege that ShopRite discriminated against him due to his various mental conditions. The ADA targets discrimination against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). A plaintiff asserting such a claim must demonstrate: "(1) [he] had a disability as defined in the ADA; (2) [he] was a 'qualified individual,' which entails being able to perform the essential functions of [his] job; and (3) [the employer] took an adverse action against [him] on account of [his] disability." *Young v. United Parcel Serv., Inc.*, 784 F.3d 192, 198 (4th Cir. 2013), *rev'd on other grounds*, 135 S. Ct. 1338 (2015). Although Plaintiff certainly demonstrates a "disability as defined in the ADA," he satisfies neither the second element nor the third element.

An ADA-covered disability may be established by alleging, *inter alia*, "a physical or mental impairment that substantially limits one or more major life activities of such individual[.]" 42 U.S.C. § 12102(1)(A). Plaintiff clearly alleges that he suffers from several mental conditions—schizophrenia, bipolar disorder, and a "psychotic disorder"—each of which could "substantially limit" major life activities. He fails, however, to allege that he was capable of performing the "essential functions" of either the night crew or dairy associate positions. As noted *supra*, he admits that he received poor performance reviews. Moreover, he provides no facts indicating that ShopRite took an adverse action against him due to his disability. Plaintiff asserts that the reduction in his work hours must be linked to a discriminatory animus, but includes no facts beyond this conclusory statement. Indeed, he does not even allege that he notified ShopRite of his disability, simply stating that a cashier and an overnight grocery clerk were "witnesses" of unspecified conversations on his disability. Resp. in Opp'n at 3. Even further, the allegations of his termination are accompanied by no statements, conclusory or otherwise, linking the action to discrimination.

Although Plaintiff sufficiently alleges a disability under the ADA, he fails to establish that he could perform the essential functions of his position, or that he suffered any adverse action due to his disability. Given these deficiencies, Plaintiff's discrimination claim pursuant to the ADA must be dismissed.

### c.  Retaliation—Title VII and the Americans with Disabilities Act

Finally, Plaintiff asserts that ShopRite retaliated against him for filing a charge with the EEOC. Plaintiff does not specify whether he asserts this claim under Title VII or the ADA. Regardless, a plaintiff alleging retaliation under either statute must show the same elements: "(1) she engaged in protected activity; (2) the employer acted adversely against her; and (3) there was a causal connection between the protected activity and the asserted adverse action." *Ziskie v. Mineta*, 547 F.3d 220, 229 (4th Cir. 2008) (citing *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007)) (Title VII); *Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 154 (4th Cir. 2012) (ADA). A plaintiff may not simply assert the existence of a "causal connection." The presence of a "close" temporal relationship between the protected activity and the alleged adverse action may be sufficient to establish the requisite causal connection. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (holding that alleged "temporal proximity" must be "very close" to satisfy this third element). Yet, the employer must know of the protected activity. *Price v. Thompson*, 380 F.3d 209, 213 (4th Cir. 2004).

Despite the liberal construction accorded to *pro se* plaintiffs, Thompson fails to establish a claim of retaliation under Title VII or the ADA. Although ShopRite disputes the existence of the EEOC charge, this Court will assume that Plaintiff engaged in protected activity by filing a charge with the EEOC on January 6, 2015. This Court will also assume that ShopRite took two adverse actions against Plaintiff— reducing his hours to one work shift per week and "kick[ing] [the Plaintiff] off" of a

shift on March 7, 2015. Neither the Complaint nor the Amended Complaint, however, demonstrates any causal connection between the adverse actions and Plaintiff's protected activity. ShopRite reduced Plaintiff's hours to one work shift per week on December 20, 2014, over two weeks *before* he filed the EEOC charge. Plaintiff states that his reduced workload continued, but does not allege that ShopRite instituted any further reductions after January 6, 2015. With respect to the March 7, 2015 adverse action, Plaintiff admits that he was "kicked off" his shift after another employee complained of his hygiene. He does not allege, however, that this action was in any way related to the filing of the EEOC charge.

Accordingly, Plaintiff cannot demonstrate any causal connection between his protected activity and the adverse employment actions of ShopRite. Absent this fundamental component, Plaintiff's retaliation claim must be dismissed.

CONCLUSION

For the reasons stated above, Plaintiff's Motion to Proceed to Trial (ECF No. 8) is DENIED; Defendants ShopRite, Thompson, Gray, and Klein's Motion to Dismiss (ECF No. 10) is GRANTED. Defendants ShopRite, Thompson, Gray, and Klein's Motion to Strike Plaintiff's Motion to Proceed to Trial (ECF No. 12) is MOOT; Defendants ShopRite, Thompson, Gray, and Klein's Motion to Strike Notice of Appeal (ECF No. 21) is MOOT; and Defendants ShopRite, Thompson, Gray, and Klein's Second Motion to Dismiss (ECF No. 23) is MOOT. In sum, Plaintiff's disjointed and unclear pleadings fail to raise any claims of discrimination under either Title VII or the Americans with Disabilities Act.

A separate Order follows.

Dated:December 23, 2015                              /s/
                                                    _____
                                                    Richard D. Bennett
                                                    United States District Judge